UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ORWYN JOHN,

Plaintiff,

-against-

CITY OF NEW YORK; Detective BETZAYDA
FRATICELLI, Shield No. 7479; Sergeant TYRON
POPE, Shield No. 3799; Lieutenant JAMES
MOONEY; Undercover Police Officer No. 0001;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

14 CV 1802 (GBD)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Orwyn John ("Ms. John") is a resident of New York County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Detective Betzayda Fraticelli, Shield No. 7479 ("Fraticelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fraticelli is sued in his individual and official capacities.

9.      Defendant Sergeant Tyron Pope, Shield No. 3799 ("Pope"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Pope is sued in his individual and official capacities.

10.     Defendant Lieutenant James Mooney, ("Mooney"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Mooney is sued in his individual and official capacities.

11.     Defendant Undercover Police Officer 0001 ("UC0001"), at all times relevant herein, was an officer, employee and agent of the NYPD.   Defendant UC0001 is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.   Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.   Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

15.     At approximately 11:30 p.m. on May 10, 2011, plaintiff was lawfully driving a vehicle in the vicinity of 93rd Street and West End Avenue in New York, New York.

16.     His fiancée, who was five months pregnant, was seated in the front passenger seat and a family friend was in the back seat.

17.     Suddenly, unmarked police vehicles pulled in front of and behind the vehicle forcing Mr. John to abruptly brake.

18.     Defendants rushed out of their unmarked vehicles with guns pointed at Mr. John and the passengers.

19.     Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants unlawfully and without his permission searched plaintiff and the car he was driving.

20.     No contraband was recovered from Mr. John or the vehicle.

21.     Defendants handcuffed Mr. John, put him in a police van and took him to the 25ᵗʰ Precinct.

22.     At the precinct the officers falsely informed employees of the New York County District Attorney's Office that plaintiff had committed various and prepared false paperwork to this effect, including an arrest report.

23.     Defendants had not observed Mr. John commit any crime before his arrest.

24.     Notwithstanding that no contraband had been recovered from Mr. John's person, he was unlawfully strip searched in a cell at the Precinct.

25.     Again, no contraband was recovered from Mr. John.

26.     Mr. John was eventually taken to Manhattan Central Booking where he was arraigned and then released on his own recognizance after approximately 24

hours in custody.

27.     After making several criminal court appearances, all charges against Mr. John were dismissed approximately four months later.

28.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of employment, unlawful strip search and suffered damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Malicious Prosecution**

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

38.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     The individual defendants created false evidence against plaintiff.

41.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

42.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-8-

## FIFTH CLAIM
### Failure To Intervene

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     This is not an isolated incident.

50.     The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

51.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

52.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

53.     The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

-10-

54.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

55.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:     May 12, 2014
           New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*